1  JEFFREY D. WOHL  (Cal. State Bar No. 096838)
   RYAN D. DERRY  (Cal. State Bar No. 244337)
2  ANNA M. SKAGGS  (Cal. State Bar No. 319179)
   PAUL HASTINGS LLP
3  101 California Street, 48th Floor
   San Francisco, California  94111
4  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
5  jeffwohl@paulhastings.com
   ryanderry@paulhastings.com
6  annaskaggs@paulhastings.com

7  Attorneys for Defendant
   Target Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAH D. THOMAS, on behalf of herself, all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>TARGET CORPORATION, a Minnesota corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendants. | No.<br><br>**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>San Mateo County Superior Court,<br>No. 19CIV00584 |

To the Clerk of the Court, plaintiff Mariah D. Thomas and plaintiff's attorneys of record:

PLEASE TAKE NOTICE that defendant Target Corporation ("Target") hereby removes this action from the Superior Court of California in and for the County of San Mateo (the "Superior Court") to this Court, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005 ["CAFA"], Pub. L. 109-2, § 4(a), 119 Stat. 9), and section 1441(a). In support of removal, Target alleges as follows:

1.  On January 29, 2019, plaintiff Mariah Thomas commenced a putative class action in the Superior Court entitled: "*Mariah D. Thomas, on behalf of herself, all others similarly situated, Plaintiff, vs. Target Corporation, a Minnesota corporation; and DOES 1 through 50, inclusive, Defendants,*" No. 19CIV00584 (the "Action"). A true copy of plaintiff's complaint in the Action (the "Complaint" or "Cmplt.") is attached as Exhibit A. The allegations of the Complaint are incorporated by reference without admitting the truth of any of them.

2.  The Complaint asserts five claims for relief for: (1) failure to pay hourly wages; (2) failure to indemnify; (3) failure to provide accurate written wage statements; (4) failure to timely pay all final wages; and (5) unfair business practices under California unfair competition law, Cal. Bus. & Prof. Code § 17200 *et seq*. (Cmplt.) All five of plaintiff's claims are premised on Target's alleged failure to pay plaintiff for necessary business expenses, including the purchase and maintenance of uniforms and cell phone expenses. (*Id*., ¶¶ 19-29.) Plaintiff asserts her first claim for relief on behalf of herself and the "Hourly Employee Class," which she pleads to include "[a]ll persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period." (*Id.*, ¶ 11.) Plaintiff seeks to recover for her second claim for relief on behalf of the "Expense Reimbursement Class," which she pleads to include "[a]ll persons employed by Defendants in California who incurred business expenses during the Relevant Time Period." (*Id.*) Plaintiff asserts her third claim for relief on behalf of the "Wage Statement Penalties Sub-Class," which she pleads to include "[a]ll Hourly Employee Class members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered." (*Id.*) Plaintiff's brings her fourth claim for relief on behalf of the "Waiting Time Penalties Sub-Class," which she pleads to include "[a]ll Hourly Employee Class

members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered." (*Id.*) Lastly, plaintiff asserts her fifth claim for relief on behalf of the "UCL Class," which she pleads to include "[a]ll Hourly Employee Class Members employed by Defendants in California during the Relevant Time Period." (*Id.*)

3. On January 31, 2019, plaintiff effected service of process on Target of the summons and complaint in this Action. A true copy of the summons and all other papers that Target's counsel received from plaintiff in this Action are attached to this notice as Exhibit B.

4. On February 27, 2019, Target served plaintiff with, and filed with the Superior Court, its answer to the Complaint. A true and correct copy of the answer is attached to this notice as Exhibit C.

5. No other defendant is named in the complaint in this Action, and Target is informed and believes that no other defendant has been served with process in this Action.

6. This notice of removal is effected properly and timely pursuant to 28 U.S.C. section 1446(b), as it is filed within 30 days after Target was served with the summons and complaint in the Action.

7. Notice of this removal will be given promptly to both plaintiff and the Superior Court pursuant to 28 U.S.C. section 1446(d).

8. Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

**Removal Is Proper Under CAFA**

9. The Action is properly removed to this Court under the amended rules for diversity of citizenship jurisdiction under CAFA. CAFA amended 28 U.S.C. section 1332 to provide that a putative class action is removable to federal court if (a) any member of a class of plaintiff is a citizen of a state different from any defendant; (b) the proposed class members number at least 100; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). Each of these requirements is met in this Action.

*The Citizenship of the Parties Is Diverse*

10. Target is informed and believes that plaintiff is now, and was at the time the Action was

1  commenced, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). (Cmplt., ¶ 5 ["Plaintiff MARIAH D. THOMAS is, and at all relevant times mentioned herein, an individual residing in the State of California."]; *see also* Declaration of Michael Brewer in Support of Target Corporation's Notice of Removal of Civil Action ["Brewer Decl."], ¶ 10, Exh. A (plaintiff listed Sacramento, California, as her address on the Employment Eligibility form (Form I-9) that she completed before beginning her employment with Target.)

11. Target is now, and was at the time the Action was commenced, a citizen of a state other than the State of California within the meaning of 28 U.S.C. section 1332(c)(1) because Target is now, and was at the time the Action was commenced, a corporation organized under the laws of the State of Minnesota with its principal place of business in the State of Minnesota. (*See* Brewer Decl., ¶ 3.) The majority of Target's executive and administrative functions are performed, and the majority of Target's executive and administrative officers are located, in the State of Minnesota. (*Id.*)

12. Target is the only defendant named in this Action. The presence of Doe defendants has no bearing on diversity with respect to removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under a fictitious name shall be disregarded."). Accordingly, no named defendant is a citizen of California, in which state this Action was filed and there is complete diversity of citizenship between the parties.

### *The Proposed Class Members Number at Least 100*

13. The numerosity requirement for removal under CAFA is satisfied by looking solely at plaintiff's claim for failure to pay hourly wages. Plaintiff alleges that "[d]efendants failed to compensate Hourly Employee Class members with minimum and/or overtime wages for all hours they worked as result of its failures to maintain employee uniforms and/or pay them a weekly maintenance allowance." (Cmplt., ¶ 48.) As discussed above, the "Hourly Employee Class" is pleading as including "[a]ll persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period." (*Id.*, ¶ 11.) Plaintiff was employed as a non-exempt retail store employee at Target in California between October 21, 2017 and January 13, 2018. (*See* Brewer Decl., ¶ 9.) Thus, Target evaluates the numerosity requirement by

3
NOTICE OF REMOVAL OF CIVIL ACTION
U.S.D.C., N.D. Cal., No._____
LEGAL_US_W # 97616298.9

looking at other non-exempt retail store employees in California. Since January 29, 2016,[1] Target has employed at least 152,728 non-exempt employees in the State of California. (*See* Declaration of Dr. Paul F. White in Support of Notice of Removal of Civil Action, filed concurrently herewith ["White Decl."], ¶ 5.a.) Accordingly, the requirement that the proposed class members number at least 100 is satisfied.

### *The Amount in Controversy Exceeds $5,000,000*

14. With respect to the amount in controversy, analyzing only plaintiff's fourth claim for relief demonstrates that the amount in controversy exceeds $5,000,000. Relevant to this analysis, plaintiff alleges that "[d]efendants have maintained a policy or practice of paying Waiting Time Penalties Sub-Class members their final wages without regard to the requirements of Labor Code sections 201 or 202." (Cmplt., ¶ 76.) Plaintiff purports to bring this claim on behalf of herself and the "Hourly Employee Class members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered[.]" (*Id.*, ¶¶ 11, 70.)

15. In a case of willful failure to pay final wages upon termination, California Labor Code section 203 imposes a waiting-time penalty equal to the employee's daily wage rate for a maximum of 30 days. Analyzing just a subset of the putative class on whose behalf plaintiff pleads her fourth claim for relief demonstrates that Plaintiff's waiting-time penalty claim exceeds $201,764,823 (exclusive of interest and costs), based on the following facts:

   a. There have been at least 96,364 non-exempt employees in California who have separated from Target between January 29, 2016 (*i.e.*, the start of the three-year limitations period for a waiting-time penalty claim)[2] and July 21, 2018 (the end date for this analysis). (White Decl., ¶ 5.b.)

   b. The average hourly rate for those employees at the time of termination was

---

[1] The Complaint includes a claim for unfair competition under California Business and Professions Code section 17200. The statute of limitations for a claim of unfair competition law is four years. Cal. Bus. & Prof. Code § 17208. However, even limiting the analysis to the three years prior to the filing of the Complaint, the requirement that the proposed class members number at least 100 is clearly satisfied.

[2] The statute of limitations for waiting-time penalty claims is three years. *See Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010) (waiting-time penalty claims governed by the three-year statute of limitations for statutory violations under Cal. Code Civ. Proc. § 338(a).)

$11.91.  (White Decl., ¶ 5.c.)

      c.    The average hours worked per day by those employees was 5.86 hours. (White Decl., ¶ 5.d.)

      d.    Based on plaintiff's allegation that Target subjected all of these employees to illegal payroll practices and policies, the amount in controversy for waiting-time penalties alone would be $201,764,823 (96,364 former employees x $11.91 per hour x 5.86 hours per day x 30 days. (White Decl., ¶ 5.e.)

16.    Accordingly, as the above analysis is focused on just a subset of the putative class on whose behalf plaintiff asserts one of her claims for relief and does not include her request for attorneys' fees, there is no question that the amount in controversy exceeds the jurisdictional threshold.

17.    In setting forth these calculations, Target does not admit that plaintiff or any other person is owed any additional wages; or that Target is liable to plaintiff or any other person in any amount or for any relief.  On the contrary, Target denies that it is liable to plaintiff or any other person in any amount and for any relief.

18.    Based on the foregoing, all requirements under 28 U.S.C. section 1332(d) are satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction under CAFA.

Dated:  February 28, 2019.

JEFFREY D. WOHL  
RYAN D. DERRY  
ANNA M. SKAGGS  
PAUL HASTINGS LLP

By:   */s/ Jeffrey D. Wohl*

Jeffrey D. Wohl  
Attorneys for Defendant  
Target Corporation