# EXHIBIT C

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 2/27/2019
By /s/ Mia Marlowe
Deputy Clerk

JEFFREY D. WOHL (Cal. State Bar No. 096838)
RYAN D. DERRY (Cal. State Bar No. 244337)
ANNA M. SKAGGS (Cal. State Bar No. 319179)
JEFFREY G. BRIGGS (Cal. State Bar No. 323790)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
jeffwohl@paulhastings.com
ryanderry@paulhastings.com
annaskaggs@paulhastings.com
jeffreybriggs@paulhastings.com

Attorneys for Defendant
Target Corporation

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| MARIAH D. THOMAS, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 19CIV00584<br><br>**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF MARIAH D. THOMAS'S UNVERIFIED COMPLAINT**<br><br>Complaint filed:   January 29, 2019<br><br>**DEMAND FOR JURY**<br><br><br>ASSIGNED FOR ALL PURPOSES TO DEPARTMENT 2 |

---

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
LEGAL_US_W # 97636060.3

Target Corporation ("Target"), for itself and no other defendant, hereby answers the unverified complaint (the "Complaint") of plaintiff Mariah D. Thomas as follows:

**PRELIMINARY DEFENSES**

1. This action should be dismissed or transferred to Sacramento County because venue is improper in San Mateo County. Plaintiff's alleged injuries occurred in Sacramento County (not San Mateo County), and plaintiff does not allege a contract claim, much less that she was a party to a contract that was made, to be performed, or breached in San Mateo County.

2. Even if venue is proper in San Mateo County, this action should be transferred to Sacramento County because that county is the more appropriate venue. Plaintiff's alleged injuries occurred in Sacramento County (not San Mateo County); the relevant documents and witnesses are located in Sacramento County (not San Mateo County); and the interest of substantial justice would be served if the action were tried in Sacramento County (not San Mateo County).

3. This action should be dismissed or stayed because of the pendency of the first-filed action entitled "*Aisha Bowen, an individual, on behalf of herself and all others similarly situated, Plaintiff, vs. Target Corporation, a Minnesota Corporation; and DOES 1 through 50, inclusive, Defendants,*" U.S.D.C., C.D. Cal., No. 2:16-cv-02587-JGB-MRW, which involves the same or substantially the same parties and claims.

Without waiving these objections, Target further responds to the Complaint as follows:

**GENERAL DENIAL**

4. Pursuant to section 431.30(d) of the California Code of Civil Procedure, Target denies, generally and specifically, each and every allegation in the Complaint.

5. Target further denies, generally and specifically, that plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Target or any of Target's past or present agents, representatives, or employees; or that plaintiff is entitled to the relief requested.

**DEFENSES**

Without admitting any facts alleged by plaintiff, Target also pleads the following separate

defenses to the Complaint:

6. The Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action.

7. The Complaint, and each of its causes of action, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 337, 338, 339, 340, and 343; and California Business and Professions Code section 17208.

8. The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of accord and satisfaction.

9. Plaintiff is estopped from pursuing the claims in the Complaint, and each of its purported causes of action, by reason of plaintiff's own actions and course of conduct.

10. Plaintiff waived the right, if any, to pursue the Complaint by reason of plaintiff's own actions and conduct, including, but not limited, to her failure to complain about the legal violations alleged in the Complaint.

11. The Complaint, and each of its causes of action, is barred by the doctrine of laches.

12. The Complaint, and each of its causes of action, is barred by the doctrine of unclean hands.

13. The Complaint, and each of its causes of action, is barred by the doctrines of *res judicata* and collateral estoppel.

14. The Complaint, and each of its causes of action, is barred by the doctrine of avoidable consequences.

15. The Complaint, and each of its causes of action, is barred because any recovery from Target would result in unjust enrichment to plaintiff.

16. The Complaint, and each of its purported causes of action, is barred in whole or in part because Target had an honest, good-faith belief that all decisions with respect to plaintiff's employment were made by Target solely for legitimate, business-related reasons and were reasonably based upon the facts as Target understood them, including but not limited to Target's belief that upon the termination of plaintiff's employment, Target did not owe plaintiff any

...

additional amounts, whether by way of wages or otherwise.

17. The Complaint, and each of its causes of action, fails because plaintiff's fundamental breaches of her duties to Target as an employee, including the duty of loyalty, were so severe as to render her causes of action void under the Faithless Servant Doctrine and related legal principles.

18. The Complaint, and each of its causes of action, is barred in whole or in part because plaintiff breached or did not satisfy her statutory obligations to Target, including but not limited to those imposed by California Labor Code sections 2854, 2856–2859, 2922, and 2924.

19. The Complaint, and each of its causes of action, is barred by the doctrine of after-acquired evidence.

20. Plaintiff's claims for failure to pay hourly wages and to indemnify are barred to the extent that plaintiff seeks to recover expenses that were not reasonable and necessary business expenses.

21. Plaintiff's claims for failure to pay hourly wages and to indemnify are barred because Target did not know or had no reason to know that plaintiff incurred business expenses.

22. Plaintiff's claims for failure to pay hourly wages and to indemnify are barred because Target did not willfully fail to indemnify or reimburse plaintiff for expenditures or losses, if any.

23. Plaintiff's claims for failure to pay hourly wages and to indemnify are barred because Target had a good-faith belief, based in fact and law, that no reimbursements were due to plaintiff.

24. Plaintiff's claims for failure to pay hourly wages and to indemnify are barred to the extent that the expenses plaintiff seeks to recover are *de minimis*.

25. Plaintiff's claims for failure to provide uniforms or equipment under Wage Order No. 7 are barred because the Wage Order does not support a private right of action, and plaintiff's exclusive remedy is an action before the California Labor Commissioner.

26. Plaintiff's claims for failure to pay hourly wages and to indemnify are barred to the extent that plaintiff seeks to recover expenses that were not incurred for the primary benefit of

-4-

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
LEGAL_US_W # 97636060.3

Target.

27. To the extent that plaintiff's claims for failure to render accurate wage statements are based on Target's alleged failure to reimburse or indemnify for necessary business expenditures or losses, Target incorporates by reference and re-alleges its defenses to those claims, as set forth in paragraphs 20-26, *supra*, to plaintiff's claims for failure to render accurate wage statements.

28. Plaintiff's claim for failure to render accurate wage statements is barred because Target did not knowingly or intentionally fail to provide accurate wage statements; and its failure, if any, to provide such wage statements was inadvertent or due to clerical error.

29. Plaintiff's claim for failure to render accurate wage statements is barred because plaintiff has suffered no harm based on Target's failure, if any, to render accurate wage statements.

30. Plaintiff's claim for failure to provide accurate written wage statements is barred to the extent that plaintiff seeks an award of penalties beyond the one-year limitations period contained in California Code of Civil Procedure section 340.

31. To the extent that plaintiff's claims for failure to pay timely wages upon termination are based on Target's alleged failure to reimburse or indemnify for necessary business expenditures or losses or render accurate wage statements, Target incorporates by reference and re-alleges its defenses to those claims, as set forth in paragraphs 20-26 and 28-30, *supra*, to plaintiff's claims for failure to pay timely wages upon termination.

32. Plaintiff's claim for failure to pay timely all wages due at termination is barred because plaintiff was paid all her final wages owed in accordance with the law.

33. Plaintiff's claim for failure to pay timely wages upon termination is barred because Target did not willfully fail to pay timely wages upon termination.

34. Plaintiff's claim for failure to pay timely wages upon termination is barred because Target had a good-faith belief, based in fact and law, that no wages were due to plaintiff.

35. Plaintiff's claim for failure to pay timely wages upon termination is barred to the extent that plaintiff secreted or absented herself to avoid payment, or refused payment when fully

-5-

1 | tendered.

2 |       36.    Plaintiff's claim for failure to pay timely all wages due at termination is barred to the extent that plaintiff seeks an award of penalties beyond the three-year limitations period contained in California Code of Civil Procedure section 338.

      37.    To the extent that plaintiff's claims for unfair business practices are based on Target's alleged failure to reimburse or indemnify for necessary business expenditures or losses, to render accurate wage statements, or to pay timely wages upon termination, Target incorporates by reference and re-alleges its defenses to those claims, as set forth in paragraphs 20-26, 28-30, and 32-36, *supra*, to plaintiff's claim for unfair business practices.

      38.    Plaintiff's claims for unfair business practices are barred to the extent that plaintiff seeks damages, disgorgement, or penalties because section 17200 provides only for restitution and injunctive relief; damages and penalties are not restitution.

      39.    Plaintiff's claim for unfair business practices is barred because plaintiff cannot show an injury to competition, as distinguished from injury to herself, the existence of which Target expressly denies.

      40.    Plaintiff's claim for unfair business practices is barred because plaintiff cannot show a deception upon the public.

      41.    Plaintiff's claim for unfair business practices is barred because as a private litigant, plaintiff lacks standing to bring a cause of action for relief under California Business and Professions Code section 17200 *et seq.*, on behalf of herself or similarly-situated individuals.

      42.    Plaintiff's claim for unfair business practices is barred because California Business and Professions Code section 17200 *et seq.*, as stated and sought to be applied by plaintiff, violates Target's rights under the Constitution of the United States of America and the Constitution of the State of California in that, among other things, it is void for vagueness, violates equal protection and due process, poses an undue burden upon interstate commerce, and infringes the freedom of contract.

      43.    Plaintiff's claim for unfair business practices is barred because California Business and Professions Code section 17200 *et seq.*, as stated and sought to be applied by plaintiff,

violates Target's rights to due process under the Constitution of the United States of America and the Constitution of the State of California to the extent that the cause of action does not afford Target the protections against multiple suits and duplicative liability ordinarily provided by class actions.

44. Plaintiff's claim for unfair business practices is barred because plaintiff has failed to plead with sufficient particularity her claims of false, unfair, or fraudulent conduct.

45. Plaintiff's claim for unfair business practices is barred because plaintiff is not seeking recovery of a quantifiable sum owed by Target to plaintiff.

46. Plaintiff's claims for unfair business practices are barred because plaintiff has adequate remedies at law for the alleged violations, and the requirements for equitable relief have not been met.

47. Plaintiff is not entitled to any statutory or civil penalty award because there is a good-faith dispute as to Target's obligation to pay any wages or penalty that may be found to be due.

48. Plaintiff is not entitled to any statutory or civil penalty award because, at all times relevant to the Complaint, any failure to comply with the compensation provisions of the California Labor Code or the applicable Wage Order, which Target denies, was not knowing or intentional, but rather was done in good faith and with reasonable grounds.

49. Imposition of any statutory or civil penalty award against Target would be unjust, arbitrary and capricious, and confiscatory.

50. Recovery of statutory or civil penalties is barred to the extent that the accumulation of penalties would be so disproportionate to the harm alleged to violate due process under the Constitutions of the United States and the State of California.

51. Plaintiff lacks standing to seek the prospective injunctive and declaratory relief she seeks in the Complaint.

52. Plaintiff has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law, and any recovery to which plaintiff otherwise would be entitled should be precluded or reduced accordingly.

53. Recovery of interest, attorneys' fees, or costs is barred to the extent that such amounts are based on the recovery of penalties or equitable restitution.

54. If plaintiff sustained any loss, injury, damage, or detriment as alleged in the Complaint, the loss, injury, damage, or detriment was caused or contributed to by plaintiff's own failure to exercise due care, and therefore plaintiff's recovery of damages, if any, must be reduced in proportion to the percentage of plaintiff's own fault.

55. Plaintiff's claim for equitable relief is barred because plaintiff has an adequate and complete remedy at law.

56. Plaintiff has failed to satisfy the prerequisites for class certification, and therefore, lacks standing and cannot represent the interests of others.

57. The claims alleged by plaintiff are neither common to nor typical of those, if any, of the members of the putative class.

58. The claims alleged by plaintiff are matters in which individual questions predominate and are not appropriate for class treatment.

59. Plaintiff's interests are in conflict with the interest of the members of the proposed class or any of its members.

60. The members of the putative class are not so numerous that joinder is impracticable.

61. Plaintiff's counsel is inadequate counsel for the proposed class or allegedly aggrieved employees.

62. The interests of certain members of the proposed class are in conflict with the interests of other members of the proposed class.

63. Plaintiff is an inadequate representative of the putative class.

64. Plaintiff is not similarly situated to other allegedly aggrieved employees.

65. Plaintiff has not shown and cannot show that class treatment of the claims alleged in the Complaint is superior to other methods of adjudicating the controversy.

66. Because liability or damages, if any, to each member of the putative class may not be determined by a single jury or on a class-wide basis, allowing this action to proceed as a class

-8-

action would violate Target's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

67. Plaintiff is barred from pursuing class-wide relief to the extent she is not a member of the proposed class and/or lacks cognizable claims for injuries she alleges were sustained by the proposed class, or otherwise lacks standing to seek relief on behalf of absent group members.

68. The Complaint is barred, in whole or in part, to the extent members of the Proposed Class have executed agreements releasing or waiving the claims set forth in the Complaint.

69. The Complaint is barred, in whole or in part, to the extent members of the proposed class have agreed to arbitrate any or all of the causes of action asserted in the Complaint, and the prosecution of the Complaint violates such agreement to arbitrate.

70. To the extent that plaintiff or any member of the proposed class owes money to Target, Target is entitled to offset such amounts against any damages awarded.

71. In the event that a class should be certified in this matter, Target incorporates by reference and re-alleges all of its defenses in response to plaintiff's claims on behalf of the class and each class member.

## RELIEF REQUESTED

Target asks the Court to deny plaintiff's request for class certification, enter judgment in favor of Target and against plaintiff, to award to plaintiff nothing on the Complaint and instead to dismiss the Complaint with prejudice, and to award to Target its costs of suit, including reasonable attorneys' fees, and such further or other relief as the Court may deem proper.

Dated: February 27, 2019.

JEFFREY D. WOHL
RYAN D. DERRY
ANNA M. SKAGGS
JEFFREY G. BRIGGS
PAUL HASTINGS LLP

By: _____
Jeffrey D. Wohl
Attorneys for Defendant
Target Corporation

## JURY DEMAND

To the extent that any issue is triable, defendant Target Corporation hereby demands trial by jury on all issues triable to a jury.

Dated: February 27, 2019.

JEFFREY D. WOHL
RYAN D. DERRY
ANNA M. SKAGGS
JEFFREY G. BRIGGS
PAUL HASTINGS LLP

By: /s/ Jeffrey D. Wohl / AMS
    Jeffrey D. Wohl
    Attorneys for Defendant
    Target Corporation

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years, and not a party to the within action. My business address is 101 California Street, 48th Floor, San Francisco, California 94111.

On February 27, 2019, I served the foregoing document described as:

- **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF MARIAH THOMAS'S UNVERIFIED COMPLAINT**

on the interested parties by placing true and correct copies thereof in envelopes addressed as follows:

| | |
|---|---|
| Shaun Setareh<br>H. Scott Leviant<br>William M. Pao<br>Setareh Law Group<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, California 90212 | *Attorneys for Plaintiff Mariah D. Thomas*<br><br>Telephone:   (310) 888-7771<br>Facsimile:    (310) 888-0109<br>shaun@setarehlaw.com<br>scott@setarehlaw.com<br>william@setarehlaw.com |
| Superior Court of California<br>County of San Mateo<br>Department 2<br>Courtroom 2E<br>400 County Center<br>Redwood City, CA 94063 | Courtesy Copy |

☐ **VIA UPS OVERNIGHT MAIL**: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL**: The envelopes were then sealed. I am readily familiar with Paul Hastings LLP's practice of collection and processing correspondence for mailing. Under that practice the envelope would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **VIA PERSONAL DELIVERY**: I personally caused to be delivered such sealed envelope by hand to the offices of the addressee(s) pursuant to CCP § 1011.

☐ **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept electronic service, the documents were electronically filed and served by One Legal to the email addresses indicated above.

1  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

2  Executed on February 27, 2019, at San Francisco, California.

*Meredith Mitchell*
Meredith Mitchell

-1-

LEGAL_US_W # 97636135.1